# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEWEL GRIFFIN,

    Plaintiff,

v.                                                                              Case No. 20-10424

US GOVERNMENT,

    Defendant.
_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT

On February 19, 2020, Plaintiff filed the instant complaint and application to proceed without prepayment of fees. Plaintiff sues the "US Government" under 28 U.S.C. § 1291, a jurisdictional statute for courts of appeal, and various federal criminal statutes. Plaintiff's factual allegations are difficult to parse but appear to relate to the removal of Plaintiff's child by state officials. Plaintiff also alleges that the "CPS Police and Government" have stalked her, harassed her, conspired to convict her of an assortment of offenses, and subjected her and her children to various forms of abuse. Plaintiff attached to her complaint court documents from the Morris County Court in Texas which appear to terminate her parental rights and a handwritten note in which she describes that her "original" children were trafficked out of foster care, killed, and replaced with other children. For the reasons explained below, the court will dismiss her complaint.

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866

(6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under Federal Rules of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim upon which relief may be granted, a plaintiff must show, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005), "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As an initial matter, Plaintiff cannot bring a civil action against the United States "without its consent". *Lenoir v. Porters Creek Watershed Dist.*, 586 F.2d 1081, 1087 (6th Cir. 1978) (citing *United States v. Sherwood*, 312 U.S. 584 (1941)). But the complaint is also deficient in several other respects. The complaint contains no discernable claims against any specific defendant, and the factual allegations described therein do not contain sufficient detail from which the court can discern the "specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n.10. To the extent Plaintiff wishes to challenge a state court decision related to the placement of her children, this court is without jurisdiction to rule on domestic relation matters, including issues related to child custody. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702 (1992) (citing *Ex Parte*

*Burrus*, 136 U.S. 586, 593 (1890)). And to the extent Plaintiff attempts to pursue criminal charges against any governmental body, she lacks the authority to initiate criminal proceedings. *Saro v. Brown*, 11 F. App'x 387, 387 (6th Cir. 2001) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974)) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). The court will dismiss the complaint under 28 U.S.C. § 1915(e)(2) because Plaintiff's factual allegations fail to describe any viable claim arising under federal law against a defendant capable of being sued. Accordingly,

IT IS ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2.) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1.) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 26, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\20-10424.GRIFFIN.grant.IFP.summary.dismissal.HEK.docx